IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL MAES, PERSONAL REPRESENTATIVE
OF THE ESTATE OF MICHAEL MAES, JR.,
DECEASED,

    Plaintiff,

    v.                                                            No. 1:21-CV-00287 KWR/KRS

NEW MEXICO CORRECTIONS DEPARTMENT;
THE GEO GROUP, INC.; WARDEN MARK BOWEN,
ASST. WARDEN RONALD PETERS; LIEUTENANT
CHRISTINA JACKSON; CORRECTION OFFICER
OSORIO; DEFENDANT CORRECTIONAL OFFICER
HENRY J. CHANCE; SERGEANT DOE; MAJOR DOE;
CORRECTIONAL OFFICER DOE,

    Defendants.

## STIPULATED PROTECTIVE ORDER

    This matter having come before the Court on the joint stipulation and agreement of the parties to allow the inspection by the parties of inmate records, medical records, Security Threat Intelligence Unit/Security Threat Groups records, material and information, and the Court being advised that such production will include certain information that is private and confidential and that disclosure of such information may or will invade the confidentiality and privacy rights of the parties, the Court finds that this Stipulated Protective Order is needed to protect such rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding. Therefore, the Court hereby makes and enters the following Stipulated Protective Order protecting the confidentiality of certain documents and information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit.

1

IT IS THEREFORE ORDERED:

1. This Stipulated Protective Order shall govern the use and/or production and disclosure of inmate files, medical records, Security Threat Intelligence Unit ("STIU")/Security Threat Group ("STG") records, information, documents, tangible things and materials (hereafter the "Confidential Material") which may be produced or disclosed during this litigation. A producing party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of the Confidential Material produced, with the word "Confidential" typed, written or printed on such cover sheet. The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party indicates otherwise;

2. The Confidential Material shall be disclosed only to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named parties in this action (including their employees and independent contractors), and outside expert witnesses and consultants employed by the parties or their attorneys for this action. All such persons shall use such Confidential Material solely in the preparation for or at the trial of this action and for no other purpose. All outside expert witnesses and consultants employed for this action shall be bound by this Order. The parties agree to be bound by the terms of the Order and to be subject to the jurisdiction of this Court;

3. Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit;

4. All Confidential Material provided by the producing party to any other party or

person in this lawsuit, and any copies made therefrom, shall be returned to the attorney for the producing party or destroyed within sixty (60) days of the termination of this lawsuit, whether by entry of final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest, and no copies thereof shall be retained by any person;

5. Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order;

6. Nothing contained in this Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court;

7. The Order shall continue in full force as to all of the parties and persons subject to this Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court;

8. Confidential Material may be disclosed to deponents during the course of their deposition. However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge such confidential material to any other person. The attorney disclosing such material must then furnish a copy of this Order at the time of such deposition to the deponent. On receipt of such advice and a copy of this Order, the deponent will be under the same restrictions with respect to the Confidential Material as all of the parties hereto. Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of any

deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Order;

9. In the event that any Confidential Material is included with, or the contents thereof are disclosed in any pleadings, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so ordered by the Court; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom may be placed in the public record;

10. Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Order.

11. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court or special master for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. All documents designated by any party as confidential will remain confidential until, and only if, otherwise determined by the Court.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Approved and agreed to:

*/s/ Frances Carpenter via Email 6/21/21*
Frances Carpenter, Esq.
925 Luna Circle NW
Albuquerque, NM 87102
(505) 314-8884
frances@francescrockettlaw.com
*Attorney for Plaintiff*


*/s/ Michael S. Jahner via Email 6/21/21*
Michael S. Jahner
4908 Alameda Blvd. NE
Albuquerque, NM 87113
(505) 266-3995
mjahner@ylawfirm.com
*Attorneys for Geo Group Defendants*


*/s/ Debra J. Moulton*
Debra J. Moulton
2201 San Pedro NE, Bldg 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887
dmoulton@kmwpc.com
*Attorney for NMCD*